—»»O●●«—

## S. A. PEARSON *vs.* THOMAS EAMES.

In assumpsit the defendant pleaded, in the first place, the general issue, and then the statute of limitations, but without alleging it to be done by leave of the court. The plaintiff demurred to the second plea, and assigned for cause, that it was not pleaded with leave of the court—but the plea was adjudged good

ASSUMPSIT. The declaration contained three counts. The defendant, in the first place, pleaded the general issue to the whole declaration. He then pleaded in bar of the first count, but without alleging that he did it by leave of the court, that he never promised within six years.

The plaintiff joined in the general issue, and demurred to the plea in bar of the first count, and assigned for cause, that the said plea was pleaded without leave of the court.

*Pearson*, pro se.

*Stuart* and *Sheafe*, for the defendant.

*By the court.*—If the plaintiff in this case had treated all the pleadings, on the part of the defendant, as one plea, and had demurred to it, assigning duplicity as a cause of demurrer, it might have deserved consideration, whether the pleas, in their present shape, could have been supported. But it is very clear, that on this demurrer the second plea is in form sufficient. The case of *Ryley vs. Parkhurst et a.* (1 *Wils.* 219,) is directly in point.

*Judgment for the defendant.*